UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
VITISHA HOLMES,

                          Plaintiff,

      -against-

FRESH DIRECT,

                          Defendant.
---------------------------------------------------------------X

D / F

**MEMORANDUM & ORDER**

13-CV-4657 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

On August 14, 2013, pro se Plaintiff Vitisha Holmes brought this action against her former employer, Defendant Fresh Direct. Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), in connection with her employment. (See Compl. (Dkt. 1).) Specifically, Plaintiff contends that Defendant discriminated against her on the basis of her race and sex, and then retaliated against her when she complained about the discriminatory conduct. (See id.) Defendant has filed a partial motion to dismiss Plaintiff's sex discrimination claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Not. of Mot. ("Def.'s Mot.") (Dkt. 18).) For the reasons set forth below, Defendant's motion is GRANTED.

## I. BACKGROUND

### A. Facts Alleged in Complaint

The following facts are alleged in Plaintiff's Complaint. On April 11, 2011, Plaintiff became an employee of Fresh Direct. (Compl. at 4.)[1] Over the course of Plaintiff's employment with Fresh Direct, she discovered that several of her co-workers, who were "[H]ispanic men with less time and experience," were given raises and higher-level positions, while Plaintiff "was

---

[1] Citations to pages of Plaintiff's filings correspond to the page numbering assigned by the court's electronic docketing system (ECF).

1

being overlooked."[2] (Id.) On one occasion, a manager Plaintiff identifies as "Mr. Omdat" took all of the Hispanic employees to lunch, leaving Plaintiff "and a few black coworkers behind." (Id.) Plaintiff noticed that she was "no longer being evaluated on [her] work ethic," but instead "was evaluated on the color of [her] skin and gender." (Id.) After Plaintiff spoke up about the unequal treatment, she was "harassed and retaliated against," and was moved around her department. (Id.) On September 9, 2012, after Plaintiff "took all [she] could stand," she resigned. (Id.)

## B. Procedural History

On or about January 22, 2013, Plaintiff filed a Charge of Discrimination ("Charge") against Defendant with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC"), alleging that while it was no longer continuing, she had suffered discrimination as recently as June 5, 2012. (Charge (Compl. at 9) at 1.) In Plaintiff's form-based Charge, she checked boxes indicating that she was alleging "Retaliation" and "Race" discrimination; the box marked "Sex" was left blank. (Id.)

Plaintiff began the narrative section of the Charge by stating, "I am a black female." (Id.) Plaintiff then complained that she had been working "for over a year and just received [her] raise." (Id.) Plaintiff explained that she "overheard Hispanic employees with much less time on the job than [her] talking about their raises"; and that a supervisor, Omdat, "took out all the Hispanic employees for lunch," but "[n]ot once [sic] of the black employees was invited to go." (Id.) Plaintiff noted that "[m]any of the supervisors/leads do not speak English," and that she was told "in order to move up in the company" she would have to learn Spanish. (Id.)

---

[2] Although Plaintiff initially contended that she was being overlooked in the assignment of raises and promotions (Compl. at 4), she subsequently asserted that she did in fact receive a raise, but without Defendant "validating or stating the purpose for the raise." (Resp. to Mot. to Dismiss ("Pl.'s Resp.") (Dkt. 22) at 2, 3.)

Plaintiff further explained:

> I have spoken up to my bosses regarding the unequal treatment and since the[n] I have been harassed and moved around my department.
>
> Several black employees have requested transfers from the department but it gets denied, however Hispanic employees are given transfers when they are requested.
>
> I believe that I am being discriminated against due to my race and retaliated against for speaking up about it in violation of Title VII . . . ."

(Id. at 2.) Plaintiff's Charge did not contain any reference to her sex, with the exception of her writing, "I am a black female." (See id.)

On June 6, 2013, the EEOC issued Plaintiff a Dismissal and Notice of Rights, which indicated that the EEOC had closed its file on her Charge because it was "unable to conclude that the information obtained establishe[d] violations of the statutes," but informed Plaintiff of her right to file a lawsuit in federal court. (Dismissal and Notice of Rights (Compl. at 8)).)

On August 14, 2013, Plaintiff commenced this action against Defendant. (Compl. at 1.) In her Complaint, Plaintiff claims that she was discriminated against on the basis of "race" and "gender/sex," and that the discriminatory conduct included a failure to promote, unequal terms and conditions of employment, and retaliation. (Id. at 3.) Plaintiff alleges that this discrimination was not ongoing, but that it took place from January to the middle of 2012. (See id.) Lastly, Plaintiff contends that she is entitled to back pay, which she has not received. (Id. at 5.)

On August 4, 2014, Defendant filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Not. of Mot.) Defendant seeks to dismiss only Plaintiff's claim concerning discrimination on the basis of "gender/sex," arguing that Plaintiff failed to exhaust her administrative remedies with respect to this claim. (Def.'s Mem. of Law in Supp. of Its

Partial Mot. to Dismiss ("Def.'s Mem.") (Dkt. 18-1) at 3.) On November 20, 2014, Plaintiff filed a response in opposition to Defendant's motion. (See Resp. to Mot. to Dismiss ("Pl.'s Resp.") (Dkt. 22).) On December 5, 2014, Defendant filed a reply. (Def.'s Reply Mem. of Law in Supp. of Its Partial Mot. to Dismiss ("Def.'s Reply") (Dkt. 23).)

## II. DISCUSSION

### A. Standard of Review

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. See Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007). In reviewing a complaint, the court must accept as true all allegations of fact, and draw all reasonable inferences from these allegations in favor of the plaintiff. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility "is not akin to a 'probability requirement,'" but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[M]ere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not do'; rather, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (emphasis in original) (quoting Twombly, 550 U.S. at 555). A complaint does not

suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (citations and internal quotation marks omitted). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). Although the court is "obligated to draw the most favorable inferences" that Plaintiff's Complaint supports, the court "cannot invent factual allegations that [s]he has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). The pleadings must still contain factual allegations that raise a "right to relief above the speculative level." Twombly, 550 U.S. at 555.

### B. Extrinsic Documents Considered

Rule 12 also provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Thus, as a general rule, courts "do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim." Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 202 (2d Cir. 2013) (citing Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154-55 (2d Cir. 2006)). "As indicated by the word '[must],' the conversion of a Rule 12(b)(6) motion into one for summary judgment

5

under Rule 56 when the court considers matters outside the pleadings is strictly enforce[d] and mandatory." Id. (quoting Global Network, 458 F.3d at 155).[3]

This conversion requirement notwithstanding, in certain circumstances a court "may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6)." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Id. In addition, "even if not attached or incorporated by reference," id., extrinsic materials may be considered by the court if they are "integral to the complaint" or appropriate subjects for judicial notice. See Global Network, 458 F.3d at 156 (citing Cortec Indus. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (integral to the complaint); Kramer v. Time Warner Inc., 937 F.2d 767, 773-74 (2d Cir. 1991) (judicial notice)).

Moreover, where a plaintiff is proceeding pro se, factual assertions in the plaintiff's opposition to a motion to dismiss may be considered and treated as an amendment to the complaint. See Rosales v. Kikendall, 605 F. App'x 12, 15 (2d Cir. 2015) (summary order) (finding that because plaintiff was proceeding pro se, "the district court should have treated [the plaintiff's] opposition as a constructive motion to amend his pleadings (citing Washington v. James, 782 F.2d 1134, 1138-39 (2d Cir. 1986))).

Finally, where exhaustion of administrative remedies is a prerequisite to bringing suit, the court may take judicial notice of the public records and reports of relevant administrative bodies, as well as the facts set forth therein. See, e.g., Dutton v. Swissport USA, Inc., No. 04-CV-3417 (RJD) (LB), 2005 WL 1593969, at *1 n.1 (E.D.N.Y. July 1, 2005) (taking judicial notice of employment discrimination complaint and related documents, which plaintiff had filed himself);

---

[3] When the Federal Rules of Civil Procedure were revised in 2007, Rule 12(d) was separated from Rule 12(c), and the word "must" replaced the word "shall." Compare Fed. R. Civ. P. 12(c) (Dec. 1, 2006), http://www.gpo.gov/fdsys/pkg/CPRT-109HPRT31308/pdf/CPRT-109HPRT31308.pdf, with Fed. R. Civ. P. 12(d).

6

see also Chambers v. Time Warner, 282 F.3d 147, 153-54 (2d Cir. 2002) (noting that "[w]here plaintiff has actual notice of all of the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated" (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991))).

C. Analysis

Defendant argues that Plaintiff's claim of sex discrimination should be dismissed as a result of Plaintiff's failure to exhaust administrative remedies. (Def.'s Mem. at 5.) The court agrees.

"It is well established that Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court." Fowlkes v. Ironworkers Local 40, --- F.3d ---, 2015 WL 3796386, at *4 (2d Cir. June 19, 2015); see also Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 126 (2d Cir. 2010) (citing 42 U.S.C. § 2000e5(e), (f)). "The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." Fowlkes, 2015 WL 3796386, at *4 (quoting Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2d Cir. 1998)). Thus, "[t]o bring a claim under Title VII, a plaintiff must first have filed a complaint with the [EEOC] or a state equivalent." Burgis v. N.Y.C. Dep't of Sanitation, --- F.3d ---, 2015 WL 4590507, at *4 (2d Cir. July 31, 2015); see also Fowlkes, 2015 WL 3796386, at *4 ("'Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[],' accordingly, it is 'a precondition to bringing such claims in federal court.'" (quoting Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001))). This administrative exhaustion requirement "applies to pro se and counseled plaintiffs alike." Fowlkes, 2015 WL 3796386, at *4.

7

Although "[e]xhaustion is ordinarily 'an essential element' of a Title VII claim," Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) (quoting Legnani, 274 F.3d at 686), "[c]laims not raised in an EEOC complaint . . . may be brought in federal court if they are 'reasonably related' to the claim filed with the agency," id. (quoting Butts v. City of N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)). As the Second Circuit has explained:

> This [court] has recognized that "[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001) (internal quotation marks omitted). In this inquiry, "the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) (quoting Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 637 (9th Cir. 2002)). The central question is whether the complaint filed with the EEOC gave that agency "adequate notice to investigate discrimination on both bases." Id. at 202. The "reasonably related" exception to the exhaustion requirement "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'" Id. at 201 (quoting Butts, 990 F.2d at 1402) (alteration in original).

Id. at 70 (footnote omitted).

Plaintiff contends that she has exhausted her administrative remedies because she filed a charge with the EEOC in which she stated that she was "black, a woman, and was retaliated against for speaking up about discrimination in the workplace." (Pl.'s Opp'n at 2, 3.) However, having reviewed Plaintiff's Complaint, along with the extrinsic documents she has incorporated

8

therein and upon which she relies,[4] the court concludes that her Charge did not provide the EEOC with "adequate notice to investigate discrimination" on the basis of sex. See Williams, 458 F.3d at 70.

First, as the court has already observed, Plaintiff checked only the boxes labeled "Race" and "Retaliation" underneath an instruction labeled "DISCRIMINATION BASED ON (Check appropriate box(es).)" in her Charge to the EEOC. (Charge at 1.) Plaintiff did not, however, mark the box labeled "Sex." (Id.) Although "merely checking a box, or failing to check a box does not necessarily control the scope of the charge," see Cooper v. Xerox Corp., 994 F. Supp. 429, 436 (W.D.N.Y. 1998), the absence of a checkmark weighs against concluding that the plaintiff has alleged discrimination on the basis of the claim designated by that box. See, e.g., Hurt v. Donahoe, No. 07-CV-4201 (ENV) (LB), 2011 WL 10526984, at *4 (E.D.N.Y. Feb. 24, 2011), aff'd, 464 F. App'x 40, 41 (2d Cir. 2012) (summary order).

Still, "[t]he more critical analysis is whether there is any explanation or description supporting a particular claim." Cooper, 994 F. Supp. at 436; see also Alonzo v. Chase Manhattan Bank, N.A., 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998) ("[I]t is the substance of the charge and not its label that controls."). Compare Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin, 818 F. Supp. 2d 712, 722-23 (S.D.N.Y. 2011) (adopting report and recommendation) (where formal EEOC charge "lacked any substantive allegations about religion or gender," those claims were not reasonably related to claims based on race, color, and national origin stemming from use of new English-language test for court interpreters), and Hurt, 2011 WL 10526984, at *4 (where EEOC charge described events relating only to plaintiff's disability

---

[4] Because Plaintiff's right-to-sue letter and Charge are both attached and explicitly incorporated by reference into her Complaint (see Compl. at 6-10), the court can consider these documents in evaluating Defendant's partial motion to dismiss without converting it into a motion for summary judgment. See Roth, 489 F.3d at 509; see also, e.g., Dutton, 2005 WL 1593969, at *1 n.1 (taking judicial notice of employment discrimination complaint).

9

as a result of knee injury, and was "devoid of any reference to race discrimination, gender discrimination, or retaliation, or any facts that could be construed as raising those issues," those claims were unexhausted), with Williams, 458 F.3d at 71 (allegations in plaintiff's complaint were sufficient to put EEOC on notice of potential sex discrimination claim where she indicated that: she was the only woman in her station; she had previously alleged gender discrimination in state court; an alleged sexual harasser was reinstalled as her boss; she was given an "impossible" assignment never given to men; and she was deprived of private changing facilities and given no option but to change with male co-workers), and Wilson v. N.Y.C. Police Dep't, No. 09-CV-2632 (PAC) (HBP), 2011 WL 1215031, at *10 (S.D.N.Y. Feb. 4, 2011) (report and recommendation) (although plaintiff had only checked box labeled "Race," plaintiff's description of "disturbing" office conversations concerning "swinging," and incident when plaintiff was "sexually harassed," put EEOC on notice of sex-based discrimination), adopted, 2011 WL 1215735 (S.D.N.Y. Mar. 25, 2011).

In this case, none of Plaintiff's substantive allegations involves conduct that could be construed as raising a claim of discrimination on the basis of sex. See, e.g., Littlejohn v. City of New York, No. 14-1395, slip op. at 69-70 (2d Cir. Aug. 3, 2015) (sexual harassment claim not reasonably related to race discrimination claim where plaintiff failed to check box for discrimination based on sex or include any factual allegations describing sexual harassment, which allegedly took place before plaintiff completed EEOC form). Plaintiff alleged in the Charge that she overheard "Hispanic employees with much less time on the job . . . talking about their raises," and that she was told she would have to learn Spanish "in order to move up in the company." (Charge at 1 (emphasis added).) Plaintiff also described an occasion when her supervisor took "all the Hispanic employees for lunch," and "[n]ot once [sic] of the black

10

employees was invited to go." (Id. (emphasis added).) Furthermore, Plaintiff explained that "[s]everal black employees have requested transfers from the department" but were denied, even though "Hispanic employees are given transfers when they are requested." (Id. (emphasis added).) Plaintiff explicitly concluded, "I believe that I am being discriminated against due to my race and retaliated against for speaking up about it in violation of Title VII." (Id. at 2.)

In this context, Plaintiff's single reference to the fact that she is a black female does not suffice to exhaust her administrative remedies with respect to a claim of sex discrimination. Without fail, each allegation Plaintiff set forth in her Charge consistently described the advantages that Hispanic employees were provided at the expense of black employees. (See Charge at 1-2.) Although Plaintiff did identify her sex, nothing in the Charge mentions conduct related to her sex. See, e.g., Walsh v. Nat'l Westminster Bancorp., Inc., 921 F. Supp. 168, 172 (S.D.N.Y. 1995) (noting "neither the EEOC charge nor its supporting affidavit mention conduct related to sex in any way"). As Defendant points out, Plaintiff did not assert "that Hispanic men were given raises or otherwise treated more favorably than she, only that Hispanic employees generally were treated more favorably." (Def.'s Mem. at 4.) Even after considering the language in her Charge "as liberally as possible," Walsh, 921 F. Supp. at 172, the court cannot conclude that the EEOC was provided "adequate notice to investigate" whether Plaintiff was discriminated on the basis of sex, especially where Plaintiff concluded her Charge by writing, "I believe that I am being discriminated against due to my race." (Charge at 2.)

Because it is not reasonable to conclude that the facts in Plaintiff's Charge would lead to an investigation into possible sex discrimination, this claim is not "reasonably related" to her claims regarding race discrimination and retaliation. See Williams, 458 F.3d at 70. Plaintiff has therefore failed to exhaust her administrative remedies with respect to her claim of

11

discrimination on the basis of sex. See Fowlkes, 2015 WL 3796386, at *4. Accordingly, this claim is DISMISSED WITH PREJUDICE. See, e.g., Hurt, 2011 WL 10526984, at *4 (noting there is "no theory" by which plaintiff's claims could be deemed "reasonably related").

## III. CONCLUSION

For the reasons set forth above, the court finds that Plaintiff has failed to exhaust her administrative remedies with respect to her claim of discrimination on the basis of sex. Accordingly, Defendant's partial motion to dismiss this claim is GRANTED.

The parties are DIRECTED to proceed to pretrial supervision before Magistrate Judge Cheryl L. Pollak with respect to Plaintiff's race discrimination claim.

SO ORDERED.

Dated: Brooklyn, New York
August 4, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge